## THE PEOPLE *v.* VILLEGAS ET AL.

APPEAL from the District Court of San Juan.

No. 54.—Decided May 5, 1904.

CRIMINAL LAW—EVIDENCE—QUESTIONS OF FACT—NEW TRIAL—VERDICT.—The jury is the only judge of questions of fact and of the veracity of the witnesses, and only in exceptional cases, in which the jury commits a manifest abuse of its power in this respect, will the trial or appellate court set aside the verdict and grant a new trial.

ID.—APPEAL.—On an appeal the Supreme Court should consider and pass upon only legal errors committed by the trial court; and the questions of fact submitted for its consideration must be stated with great precision so as to enable the court to consider them and determine whether the decision appealed from is or is not correct.

TRIAL BY JURY—CHALLENGES.—Challenges must be taken when the juror appears, and before he is sworn to try the cause; but the court may for cause and in its discretion permit them to be taken after the juror is sworn, and before the jury is completed.

PENAL LAWS—RETROACTIVE EFFECT.—Penal Laws which make better the condition of the accused in a criminal cause should have a retroactive effect.

The facts are stated in the opinion.

*Mr. Ramos (Juan R.),* for appellant.

*Mr. del Toro, Fiscal,* for respondent.

MR. JUSTICE SULZBACHER delivered the following opinion of the court:

This is an appeal taken from a judgment rendered by the District Court of San Juan in a cause instituted against Modesto Villegas, Tomás Crispín, Félix Encarnación and Eustaquio Aquino, for assault and battery. The defendants were tried by a jury and sentenced as follows: Modesto Villegas, to the penalty of one year and six months' imprisonment, and the others to two years and six months each; together with a proportional part of the costs upon each. In the record is found a bill of exceptions, duly signed by the presiding judge, based entirely upon a consideration of the evidence by the jury. As this court has held, and now repeats, the jury is the

el Jurado es el único Juez de los hechos y de la veracidad de los testigos. Ellos los ven y los oyen testificar y son los únicos que pueden juzgar con respecto á su credibilidad, y solamente en casos excepcionales, de los cuales hay muy raros ejemplos, cuando un Jurado comete abusos, manifiestos del poder en este respecto, el Tribunal sentenciador, ó el Supremo, anularán el veredicto y concederán nuevo juicio; pero nada semejante aparece de los autos después de un exámen minucioso de los mismos. Solamente infracciones legales deben considerarse y revisarse en una apelación ante el Tribunal Supremo. Cuestiones de hecho sobre las cuales se pretende que pase el Tribunal de apelación deben expresarse con gran precisión, de manera que el Tribunal pueda conocerlos, y determinar si la resolución de la Corte de Distrito fué errónea.

El único punto que merece alguna consideración aún no se encuentra en el pliego de excepciones, en donde debía estar, pero se alegó oralmente en el juicio. Parece que la Corte resolvió que las recusaciones deberían hacerse primeramente motivadas y después perentorias, con respecto á cada jurado y en el momento en que éste se presentaba al Tribunal; de esta resolución tomó excepción el abogado defensor, reclamando el derecho que tenia de reservarse las recusaciones perentorias hasta tanto que el jurado estuviere constituido. Una vez constituido el Jurado y habiéndose hecho solamente dos recusaciones perentorias, por parte del abogado defensor, la Corte permitió que éste hiciera cuatro recusaciones más que, unidas á las dos que ya habia hecho, formaban un total de seis, que son las que tenía derecho á hacer. Pero el Tribunal no hubiera cometido error alguno aunque se hubiera ajustado en un todo á la resolución que dictó primeramente, porque la ley dispone que la recusación deberá hacerse al presentarse el miembro del jurado y antes de que se le tome juramento para entender en la causa; pero podrá el Tribunal, si para ello hubiere razón permitir que esto se haga después del juramento y antes de que el jurado se complete, dejándolo á discreción del Tribunal.

only judge of the facts and of the veracity of the witnesses. They see them and hear them testify, and are the only ones who can judge as to their credibility, and only in exceptional cases, of which there are few examples, when a jury commits a manifest abuse of power in this respect, will the trial court or the Supreme Court set aside the verdict and grant a new trial; but nothing of this kind appears from the record after a careful examination of the same. Only errors of law should be considered and reviewed on an appeal to the Supreme Court. Questions of fact upon which the appellate court is asked to pass must be stated with great precision so that the court may know what they are and determine whether the decision of the district court was erroneous.

The only point which still merits consideration is not found in the bill of exceptions, where it should have been, but was urged orally on the trial. It appears that the court ruled that the challenges should first be taken for cause and afterwards peremptorily with respect to each juror at the time he presented himself to the court. To this ruling the attorney for the defense took an exception, claiming the right which he had to reserve the peremptory challenges until the jury was formed. When the jury had been formed and only two peremptory challenges had been taken by the attorney for the defense, the court permitted him to interpose four challenges more, which, together with the two he had already taken, made a total of six, which is the number which he had a right to exercise. But the court would not have committed any error even if it had adhered in every respect to the ruling which it first made, because the law provides that the challenge must be taken when the juror appears, and before he is sworn to try the cause; but the court may for cause permit it to be taken after the juror is sworn, and before the jury is completed, leaving it to the discretion of the court.

The judgment of the district court was rendered on November 20, 1903, and the hearing took place before this court

La sentencia de la Corte de Distrito se dictó el veinte de Noviembre de 1903 y la vista tuvo lugar ante este Tribunal el 19 del corriente. La Asamblea Legislativa de Puerto Rico, en 10 de Marzo de 1904, derogó la sección 237 del Código Penal, con arreglo á la cual los demandados fueron acusados, juzgados y condenados; y pasó una nueva ley sobre acometimiento, cambiando la pena á una multa de no menos de 50 dollars, ni más de 100 dollars, ó prisión en la Carcel de no menos de un mes, ni más de un año, ó ambas, multa y prisión. El abogado de los apelantes alegó en la vista de la causa ante este Tribunal que cuando una nueva ley mejora la condición de un acusado, en una causa criminal, con arreglo á los principios generales de la jurisprudencia, debería aplicarse la nueva ley. La de 10 de Marzo de 1904, aunque deroga la sección 237 del Código Penal, debe considerarse como sustituta de la última, y es por lo tanto aplicable al presente caso. Debe, pues, confirmarse la sentencia de la Corte de Distrito, modificándose la misma según se expresa en la resolución de este Tribunal.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández, Figueras y MacLeary.

on the 19th of the present month. On March 10, 1904, the Legislative Assembly of Porto Rico repealed section 237 of the Penal Code, under which the defendants were accused, tried and convicted, and passed a new law regarding assault and battery, changing the penalty to a fine of not less than fifty dollars nor more than one hundred dollars, or imprisonment in jail not less than one month nor more than one year, or both fine and imprisonment. The attorney for the appellants contended upon the hearing of this cause before this court that when a new law makes better the condition of an accused party in a criminal cause, in accordance with the general principles of jurisprudence the new law should be applied. The act of March 10, 1904, although it repeals section 237 of the Penal Code, should be considered as a substitute of the latter, and is therefore applicable to the present case. The judgment of the district court must therefore be affirmed, the same being modified as set forth in the decision of this court.

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.